IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH O. DOUGLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0598 |
| | § | |
| THEODORE HAYNES, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate, filed the instant 330-page *pro se* section 1983 complaint against fifty-five state judges, prosecutors, private attorneys, corporations, and other individuals for various purported constitutional and statutory violations. Although plaintiff is a "three strike" frivolous litigant barred from proceeding *in forma pauperis*, he paid the filing fee in this case. Payment of the filing fee, however, does not preclude dismissal of a case under 28 U.S.C. § 1915(e)(2) as frivolous, malicious, for failure to state a viable claim, or for seeking monetary relief against a defendant who is immune from such relief.

Based on consideration of the pleadings, public records, and the applicable law, the Court DISMISSES this lawsuit under 28 U.S.C. § 1915(e)(2) for the reasons that follow.

### *Background and Claims*

Plaintiff is a state inmate serving a life sentence in the Texas Department of Criminal Justice. He was convicted of two counts of state jail felony theft in 1999. The convictions were affirmed on appeal. *Douglas v. State*, 2000 WL 977393 (Tex. App. –

Houston [14th Dist.] 2000, pet. ref'd). In 2002, he was convicted of felony theft of property and sentenced to life imprisonment. The conviction was affirmed on appeal, *Douglas v. State*, 2002 WL1988163 (Tex. App. – Houston [14th Dist.] 2002, pet. ref'd), and his federal habeas challenge to the conviction was dismissed. *Douglas v. Dretke*, C.A. No. H-05-0851 (S.D. Tex. 2005). These convictions precipitated a blizzard of unsuccessful state and federal civil litigation brought by plaintiff against the complainants, prosecutors, defense attorneys, witnesses, judges, and other individuals and companies directly or indirectly involved in his criminal convictions, spanning seven years and, as evinced by the instant lawsuit, continuing into the present.[1]

---

[1] *See, e.g.*, *Douglas v. Adamo*, 2009 WL 783346 (Tex. App.– Houston [14th Dist.] 2009, no pet.); *Douglas v. Harris County District Attorney*, C.A. No. H-09-0580 (S.D. Tex. 2009); *Douglas v. Anson Financial, Inc.*, 2006 WL 820402 (Tex. App.– Fort Worth, 2006, pet. denied); *Douglas v. James*, 2006 WL 66686 (Tex. App.– Texarkana, 2006, pet. denied); *Douglas v. American Title Co.*, 2005 WL 568290 (Tex. App.– Houston [1st Dist.] 2005, no pet.); *Douglas v. Bank of America*, 2005 WL 341695 (Tex. App.– Dallas, 2005, no pet.); *Douglas v. Willis*, 2005 WL 171458 (Tex. App.– Houston [14th Dist.] 2005, no pet.); *Douglas v. Dept. Veteran Affairs*, C.A. No. H-03-2003 (S.D. Tex. 2004); *Douglas v. Alamo Title Ins. Co.*, 2004 WL 3202879 (Tex. App.– Houston [14th Dist.] 2004, no pet.); *Douglas v. Quaker Home Financial Services*, 2004 WL 1688281 (Tex. App.– Houston [14th Dist.] 2004, no pet.); *Douglas v. King*, 2004 WL 908934 (Tex. App.– Houston [14th Dist.] 2004, no pet.); *Douglas v. Porter*, 2004 WL 352700 (Tex. App.– Corpus Christi, 2004, no pet.); *Douglas v. Booker*, 2004 WL 100409 (Tex. App.– Houston [14th Dist.] 2004, no pet.); *Douglas v. Adamo*, 2003 WL 22996954 (Tex. App.– Houston [14th Dist.]2003, no pet.); *Douglas v. Porter*, 2003 WL 21193041 (Tex. App.– Houston [14th Dist.] 2003, no pet.); *Douglas v. Adamo*, 2003 WL 1088163 (Tex. App.– Houston [14th Dist.] 2003, no pet.); *Douglas v. Porter*, 2002 WL 31682357 (Tex. App.– Houston [1st Dist.] 2002, no pet.); *In re Douglas*, 2002 WL 1822342 (Tex. App.– Houston [1st Dist.] 2002, no pet.); *Douglas v. Wilkinson*, C.A. No. H-99-3922 (S.D. Tex. 2000). Plaintiff's state litigation also included lawsuits regarding his standing as a "vexatious litigant." *See, e.g.*, *Douglas v. Jones*, 2009 WL 522723 (Tex. App.– Houston [1st Dist.] 2009, no pet.), *Douglas v. American Title Co.*, 196 S.W.3d 876 (Tex. App. – Houston [1st Dist.] 2006, no pet.).

In the instant lawsuit, plaintiff once again complains that his convictions were the result of conspiracy, perjury, bad faith, or other wrongful or negligent acts on the part of the named defendants. He seeks monetary damages for these alleged violations of his constitutional and statutory rights.

### *Analysis*

Neither plaintiff's pleadings nor this Court's review of applicable public records shows that his convictions have been set aside, reversed, or otherwise judicially called into question. As plaintiff's instant claims would, if successful, necessarily implicate the validity of his criminal convictions, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Regardless, it is clear from the face of plaintiff's pleadings that his claims are barred by the applicable two-year statute of limitations. The events giving rise to his constitutional and statutory claims arose prior to, within, or shortly after his state criminal proceedings, and plaintiff's pleadings evince his awareness of these events underlying his claims at or near the time they occurred. *See Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999); *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Moreover, with the exception of two police department detectives, the defendants named by plaintiff are either not state actors for purposes of section 1983, or are immune from the relief sought by plaintiff. *See Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Further, plaintiff's allegations that, seven or more years ago, all fifty-five defendants conspired and acted in concert to procure his

3

criminal convictions, are conclusory, unsupported by facts, and merit no further encouragement here by this Court. *See*, *e.g.*, *Du Bois v. Warne*, No. 08-20682, 2009 WL 1582548 (5th Cir. 2009).

To the extent plaintiff has raised claims for recovery under state law, a federal court may decline to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c)(3), where the district court has dismissed all claims over which it has original jurisdiction. Because plaintiff's federal claims are dismissed, this Court declines to exercise jurisdiction over any state statutory or common law claims plaintiff may have asserted.

### *Conclusion*

This lawsuit is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). All pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on June 26, 2009.

_____
Gray H. Miller
United States District Judge